**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30046 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00046-BMM-2 |
| v. | |
| SCOTT MITCHELL BUMMER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted July 11, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,** District
Judge.

Scott Mitchell Bummer appeals his convictions for conspiracy, possession

with intent to distribute methamphetamine, and possession of a firearm in

furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A); 21 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

§§ 841(a)(1), 846.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    Bummer's due process rights were not violated by his absence from the December 8, 2015 telephonic conference, at which he was represented by counsel.  First, the telephonic conference was not a critical stage in the proceedings so as to require Bummer's presence because it dealt primarily with the procedural issue of how to conduct a *Franks* hearing.  *United States v. McChesney*, 871 F.3d 801, 808–09 (9th Cir. 2017).[1]  And even if it were a critical stage, "[n]othing in the record suggests that [Bummer's] presence on the line during the call itself would have contributed in any way to the proceeding's fairness, and so no due process violation occurred."  *Id.* at 809; *see also United States v. Veatch*, 674 F.2d 1217, 1225–26 (9th Cir. 1981).

2.    Nor did the district court err in denying Bummer's motion to suppress. The district court found that Amato's police interview did not indicate that he was impaired in any way that would compromise the credibility of his statements.  That

---

[1] "In determining whether a proceeding qualifies as a 'critical stage,' we consider three factors: (1) whether 'failure to pursue strategies or remedies results in a loss of significant rights,' (2) whether 'skilled counsel would be useful in helping the accused understand the legal confrontation,' and (3) whether 'the proceeding tests the merits of the accused's case.'"  *McChesney*, 871 F.3d at 808 (quoting *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006)).  More specifically, because Bummer was represented by counsel, only the first and third factors could be relevant here. *Id.*

finding was not clearly erroneous. *See, e.g.*, *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003). And we agree with the district court that Amato's statements—together with the cell phone ping information, visual surveillance, and the discovery of methamphetamine on Amato—were enough to support probable cause, even after excising any potentially tainted information regarding informants. *See United States v. Barajas-Avalos*, 377 F.3d 1040, 1058 (9th Cir. 2004).

**AFFIRMED.**